## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, et al.,<br><br>                       Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.,<br>                       Plaintiff,<br><br>v.<br><br>WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC.<br>                       Defendants. | Adv. Pro. No. 25-50387 (KBO) |

### ANSWER AND AFFIRMATIVE DEFENSES OF WALGREEN CO.
### AND WALGREENS BOOTS ALLIANCE, INC. TO PLAINTIFF'S COMPLAINT
### FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C.
### §§ 547, 548, & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Walgreen Co. and Walgreens Boots Alliance, Inc. (collectively, the "Defendants"), by and through undersigned counsel, answer the Complaint (the "Complaint") filed by George L. Miller, in his capacity as the Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC (the "Plaintiff") in the above-referenced adversary proceeding (the "Adversary Proceeding") as follows:

### NATURE OF THE ACTION

1.      The statements within paragraph 1 of the Complaint are based upon a written document (the Complaint) that speaks for itself and, therefore, it appears no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, on that basis,

deny each and every allegation contained therein.  Defendants deny that Plaintiff is entitled to the relief sought in the Complaint.

2.      The statements within paragraph 2 of the Complaint are based upon a written document (the Complaint) that speaks for itself and, therefore, it appears no response is required. To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, on that basis, deny each and every allegation contained therein.  Defendants deny that Plaintiff is entitled to the relief sought in the Complaint.

## JURISDICTION AND VENUE

3.      The allegations in paragraph 3 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, deny each and every allegation therein.

4.      The allegations in paragraph 4 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit only that this adversary proceeding is a "core" proceeding. Pursuant to Local Bankruptcy Rule 7012-1, Defendants state that they do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Paragraph 5 of the Complaint appears to contain an affirmation of consent to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, deny each and every allegation therein.

6.      The statements in paragraph 6 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants admit that venue is proper in this District.

7.      The statements in paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, deny each and every allegation therein.

8.      The statements in paragraph 8 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, deny each and every allegation therein.

## THE PARTIES

9.      Defendants admit only that Plaintiff is the chapter 7 trustee in the Debtors' chapter 7 cases.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and, on that basis, deny each and every remaining allegation contained therein.

10.     The statements in paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, on that basis, deny each and every allegation contained therein.

11.     It is admitted only that Defendants, at certain times had a contractual relationship with one or more of the Debtors prior to the Petition Date.  Defendants are without information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, on that basis, deny each and every remaining allegation contained therein.

## **BACKGROUND**

12.     The allegations in paragraph 12 of the Compliant are admitted.

13.     With regard to paragraph 13 of the Complaint, it is admitted only that the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products.  It is further admitted that the Debtors engaged in the sale of branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays.  The Defendants are without information or knowledge suffice to form a belief as to the truth of the remaining allegation in paragraph 13 of the Complaint and, on that basis, deny each and every remaining allegation contained therein.

14.     With regard to paragraph 14 of the Complaint, the Defendants are without information or knowledge suffice to form a belief as to the truth as to how many bank accounts the Debtors had and, on that basis, deny the allegations regarding the number of bank accounts. Defendants admit that the Debtors continued to operate their businesses and, in connection therewith, make disbursements or other transfers of property, whether by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities for goods and services used to facilitate their business operations.

15.     With regard to paragraph 15 of the Complaint, it is admitted that Defendants and one or more of the Debtors were engaged in one or more transactions pursuant to terms entered in connection therewith which may or may not be evidenced by contracts, purchase order, invoices, communications, term and conditions, or other documents.  As the Complaint does not clearly

identify the specific materials comprising the "Agreements," alleged in paragraph 15, Defendants are without knowledge or information sufficient to admit or deny allegation relating to such Agreements and, therefore, deny such allegations.

16.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint concerning what information is reflected in the Bank Accounts.  On that basis, Defendants deny the allegations concerning what information is reflected in the Bank Accounts.  Defendants deny that during the Preference Period, they received $587,353.68 in payments from the Debtors for goods and/or services provided by the Defendants to the Debtors or another party.  Defendants deny that the amount alleged on Exhibit A to the Complaint equals the amount of payments Defendants received during the Preference Period.  It is further denied that the details of the transfers alleged on Exhibit A to the Complaint are entirely accurate as Defendants have not independently confirmed whether the transferor was the party alleged on Exhibit A and whether the "transfer date" is correct. Defendants deny that any of the alleged transfers constituted preferential transfers.

17.     With regard to paragraph 17 of the Complaint, Defendants deny that a Demand Letter was sent to Defendants in December 2024.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, because Defendants have not seen the Demand Letter referenced in paragraph 17.

18.     With regard to paragraph 18 of the Complaint, Defendants deny that a Demand Letter was sent to Defendants in December 2024.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

19.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint concerning whether Plaintiff performed his own due diligence evaluation.   On that basis, Defendants deny the allegations concerning whether sufficient due diligence evaluation was performed and, if so, what it entailed. The remaining allegations in paragraph 19 contain conclusions of law to which no response is required.   To the extent a response is required, Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, on that basis, deny each and every allegation contained therein.

21.     The allegations in paragraph 21 of the Complaint contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny that Plaintiff has the right to amend the Complaint in every instance and, without further information, deny that any such amendment relates back to the Complaint.   Any attempted amendment of the Complaint and purported relation back to the original Complaint remains subject to applicable law and rules including, but not limited to, the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.   Defendants are without information or knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 21 of the Complaint and, on that basis, deny each and every remaining allegation contained therein.

22.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, on that basis, deny each and every allegation contained therein.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

23.     The Defendants incorporate all preceding paragraphs as though fully set forth herein.

24.     Defendants deny that during the Preference Period, they received $587,353.68 in payments from one of the Debtors for goods and/or services provided by the Defendants to the Debtors or another party.  Defendants further deny that the amount alleged on Exhibits A and B to the Complaint equals the amount of payments Defendants received during the Preference Period. Defendants further deny that the details of the transfers alleged on Exhibits A and B to the Complaint are accurate as Defendants have not independently confirmed whether the transferor was the party alleged on Exhibits A and B and whether the "transfer date" is correct.  Defendants deny that any of the alleged transfers constituted preferential transfers.

25.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, on that basis, deny each and every allegation contained therein.

26.     With regard to paragraph 26 of the Complaint, Defendants admit that they were creditors of the Debtors at various times prior to the Petition Date.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint relating to the alleged "Agreements" because said Agreements are not sufficiently identified in the Complaint.   On that basis, Defendants deny the allegations in paragraph 26 relating to the alleged Agreements.  Defendants deny the balance of the allegations in paragraph 26.

27.     The statements in paragraph 27 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations in paragraph 27 of the Complaint.

28.     The statements in paragraph 28 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, on that basis, deny each and every allegation contained therein.  The Complaint does not sufficiently identify the "Agreements" alleged in the Complaint.

29.     The statements in paragraph 29 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, on that basis, deny each and every allegation contained therein.

30.     Defendants deny that the payments on Exhibits A and B to the Complaint were made during the Preference Period.

31.     The Defendants are without information or knowledge sufficient to form a belief as to the truth of the first sentence in paragraph 31 of the Complaint and, on that basis, deny each and every allegation contained therein.

32.     With regard to paragraph 32 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth of the first sentence in paragraph 32 of the Complaint and, on that basis, deny each and every allegation contained therein.  Defendants admit only that Plaintiff issued the Demand Letter before filing the Complaint and that Defendants have not remitted any alleged amount to Plaintiff.  Defendants deny the balance of the allegations in paragraph 32.

33.     The Defendants deny the allegation set forth in paragraph 33 of the Complaint.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34.     The Defendants incorporate all preceding paragraphs as though fully set forth herein.

35.     The statements in paragraph 35 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, on that basis, deny each and every allegation contained therein.

a.      The Defendants deny that any alleged transfer constituted a fraudulent transfer.  The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in subparagraph a of paragraph 35 of the Complaint concerning whether the alleged transfer was a transfer of an interest in property of the Debtors and, on that basis, deny said allegation.

b.      The Defendants deny that any alleged transfer constituted a fraudulent transfer.

c.      The Defendants deny that any alleged transfer constituted a fraudulent transfer.

d.      The Defendants deny that any alleged transfer constituted a fraudulent transfer.  The Defendants further deny that the Debtor making any alleged transfer received less than reasonably equivalent value in exchange for such alleged transfer.

e.      The Defendants deny that any alleged transfer constituted a fraudulent transfer.  The Defendants are without information or knowledge to form a belief as to the truth of the allegation that the Debtor making each alleged transfer was insolvent on the date such alleged transfer was made and deny said allegation on this basis.  The remaining allegations in subpart e of paragraph 37 of the Complaint are denied.

36.     The statements in paragraph 36 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 36 of the Complaint are denied.

## COUNT III
### (Recovery of Property – 11 U.S.C. § 550)

37.     The Defendants incorporate all preceding paragraphs as though fully set forth herein.

38.     The statements in paragraph 38 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, deny each and every allegation contained therein.

39.     The statements in paragraph 39 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, on that basis, deny each and every allegation contained therein.

40.     The statements in paragraph 40 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 40 of the Complaint are denied.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502)

41.     The Defendants incorporate all preceding paragraphs as though fully set forth herein.

42.     The statements in paragraph 42 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants are without information

or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and, on that basis, deny each and every allegation contained therein.

43.     With regard to paragraph 43 of the Complaint, the Defendants state that on April 1, 2023, Defendants repaid the amount of $11,107.00 to the Debtors via wire transfer.  Defendants otherwise admit only that they have not paid or turned over the amount of any of the alleged transfers and deny that Defendants are liable under section 550 of the Bankruptcy Code or otherwise.

44.     The statements in paragraph 44 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 44 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The transfers alleged in the Complaint, to the extent they occurred and were on account of an antecedent debt, were on account of a debt incurred by one or more of the Debtors in the ordinary course of business or financial affairs of one or more of the Debtors and Defendants, and were made in the ordinary course of business or financial affairs of one or more of the Debtors and Defendants or according to ordinary business terms.  Such transfers, therefore, are not subject to avoidance.  11 U.S.C. § 547(c)(2).

### SECOND AFFIRMATIVE DEFENSE

To the extent that the transfers alleged in the Complaint occurred, after each transfer occurred, Defendants gave new value to or for the benefit of one or more of the Debtors which was not secured by an otherwise unavoidable security interest, and was on account of which new value

one or more of the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendants.  Such transfers, therefore, are not subject to avoidance.  11 U.S.C. § 547(c)(4).

### THIRD AFFIRMATIVE DEFENSE

To the extent that the transfers alleged in the Complaint occurred, and were intended by one or more of the Debtors and Defendants to be a contemporaneous exchange for new value given to one or more of the Debtors, and was in fact a substantially contemporaneous exchange, such transfers are not subject to avoidance.  11 U.S.C. § 547(c)(1).

### FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it does not set forth sufficient identification of the nature and amount of each antecedent debt and sufficient identification of each alleged preference transfer paying such antecedent debt.  Exhibit A to the Complaint merely contains reference to alleged payment amounts with no reference to the nature of each debt(s) and the amount of each debt(s) being paid by each alleged payment.

### FIFTH AFFIRMATIVE DEFENSE

The fraudulent transfer count of the Complaint should be dismissed because the Complaint contains a threadbare recital of elements of a fraudulent conveyance claim supported by mere conclusory statements.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to Defendants' rights of setoff and recoupment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff should be denied recovery on the alleged transfers based on the defenses of accord and satisfaction, estoppel, waiver, release, *res judicata,* claim preclusion, unjust enrichment, issue preclusion, laches and/or unclean hands.

12

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the transfers alleged in the Complaint occurred and Defendants acted as a conduit between the Debtors and a third party not having dominion or control over the transfers, Defendants were not an "initial transferee," "mediate transferee," or "immediate transferee" pursuant to Section 550 of the Bankruptcy Code.  Therefore, such transfers are not subject to avoidance.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on its claims to the extent they are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

To the extent the alleged transfers occurred, but were not on account of an antecedent debt, they are not avoidable.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they occurred, are not avoidable by the Plaintiff to the extent they are protected by the earmarking doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that a contract existed between Defendants and the Debtor and was assumed or assumed and assigned by the Plaintiffs or the Debtors under 11 U.S.C. § 365, the Plaintiffs are barred and estopped from pursuing the claims asserted in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

The transfers alleged in the Complaint are not recoverable to the extent the Defendants were appointed a Critical Vendor and, after the Petition Date, were paid and would have been paid for all amounts owed during the Preference Period.

13

## FOURTEENTH AFFIRMATIVE DEFENSE

The transfers alleged in the Complaint are not recoverable to the extent Defendants were entitled to full payment of all amounts owed pursuant to a payment bond, or other interest, in the event the Debtor did not pay the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent any of the alleged payments were not received by the Defendants within the 90 days leading up to the Debtor's bankruptcy filing, they are not recoverable by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Defendants held statutory and/or inchoate lien rights securing payment on the services performed and/or materials provided, the alleged transfers are not avoidable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the Debtor held the alleged amounts in constructive trust for Defendants before the amounts were paid, the alleged transfers are not avoidable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants took any alleged transfer from the Debtors in good faith and are entitled to retain such transfer to the extent of the value given within the provisions of 11 U.S.C. § 548(c).

## NINETEENTH AFFIRMATIVE DEFENSE

Any and all allegations set forth in the Plaintiff's Complaint which are not specifically and expressly admitted herein are hereby denied.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Plaintiff failed to complete sufficient due diligence as required by the provisions of 11 U.S.C. § Section 547(b).

14

## TWENTY FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed because it fails to describe in sufficient detail the due diligence Plaintiff alleged conducted to satisfy the provisions of 11 U.S.C. § Section 547(b).

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any claims or other defenses as may be available, or become available to Defendants during the course of discovery and specifically reserve the right to amend their answer to allege such defenses as they become known.

## RELIEF REQUESTED

WHEREFORE, Defendants pray this Court make and enter an order dismissing this action with prejudice, assessing costs against the Plaintiff, and awarding any other relief the Court deems appropriate.

Dated: August 22, 2025         **AUSTRIA LEGAL, LLC**

_/s/ Matthew P. Austria_
Matthew P. Austria (No. 4827)
1007 N. Orange St., 4th Floor
Wilmington, DE  19801
Telephone: (302) 521-5197
Fax: (302) 291-1722
Email: maustria@austriallc.com

-and-

Schuyler G. Carroll (_pro hac vice_ forthcoming)
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
Telephone: (212) 790-4500
Email: scarroll@manatt.com

***Counsel for Walgreen Co. and
Walgreens Boots Alliance, Inc.***