**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC.,<br><br>Defendant. | Adv. Proc. No. 25-50387 (KBO)<br><br>**<u>Related Adv. D.I.</u>: 20 & 31** |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC *dba* WALGREEN CO. and WALGREENS,<br><br>Defendant. | Adv. Proc. No. 25-50453 (KBO)<br><br>**<u>Related Adv. D.I.</u>: 25 & 36** |

**COMBINED SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned matters:

**IT IS HEREBY ORDERED** that:

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1. The discovery planning conference described in Rule 26(f) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shall be deemed to have taken place. The parties are not required to file a discovery plan as contemplated by Federal Rule 26(f)(3).

2. All fact discovery shall be completed no later than October 27, 2026.

3. The parties shall provide expert reports, if any, for an issue on which they bear the burden of proof by three (3) weeks after the close of all fact discovery. Any parties' expert report intended to rebut any other expert report, shall be provided by six (6) weeks after the close of all fact discovery. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by nine (9) weeks after the close of all fact discovery.

4. On or before October 27, 2026, the parties shall file a "Stipulation Regarding Appointment of a Mediator" or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

5. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

6. All dispositive motions shall be filed and served by a date no later than thirty (30) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

7. As soon as is feasible after the close of all discovery and the resolution of any dispositive motions, Plaintiff shall contact the Court to schedule a time for trial and a final pretrial conference in accordance with Local Rule 7016-2(a).

8. The parties shall file, no later than two (2) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their final pretrial order approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Chief Judge Owens's chambers.

9. Plaintiff shall immediately notify the Court upon the settlement, dismissal, or other resolution of the above-captioned adversary proceeding and shall promptly file with the Court appropriate evidence of such resolution. Plaintiff shall file a status report forty-five (45) days after the date of this Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of the unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise the Court, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

10. Deadlines contained in this Order may be extended by agreement of the parties, as reflected in an amended order submitted under certification of counsel.

11. Plaintiff shall serve this Order on Defendant within five (5) business days after the entry of this Order.

**Dated: August 28th, 2026**
**Wilmington, Delaware**

Ka B. O

**KAREN B. OWENS**
**CHIEF JUDGE**